## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

KINSALE INSURANCE
COMPANY,

     Plaintiff,             CASE NO:

v.

RICKNATA LLC, and
TRUMELL NORTON,

     Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against

RICKNATA LLC, and TRUMELL NORTON and in support alleges:

## NATURE OF ACTION

1.     This is an action for declaratory relief under 28 U.S.C. § 2201 and

damages to determine whether there is coverage for a claim by an individual who

was stabbed under an insurance policy that includes an Assault and Battery

Exclusion.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

3.      Venue is proper in this district because Kinsale issued and delivered the policy to Ricknata in this district, the underlying lawsuit is being litigated in this district, and otherwise a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4.      All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5.      Kinsale is an Arkansas corporation with its principal place of business in Virginia. For purposes of this action, Kinsale is an eligible surplus lines insurer that issued a surplus lines, commercial general liability insurance policy to Ricknata.

6.      Ricknata is a Florida limited liability company. Its single member, Farooq Bhadelia, is domiciled in Tampa, Florida. Accordingly, Ricknata is a citizen of Florida. Ricknata was sued by Trumell Norton after he was stabbed at

Ricknata's premises.

7.      Trumell Norton is domiciled in Florida. Accordingly, Trumell Norton

is a citizen of Florida. Trumell Norton sued Ricknata after he was stabbed at

Ricknata's premises.

## THE INCIDENT

8.      Trumell Norton filed suit against Ricknata in circuit court in

Hillsborough County, Florida, bearing Case No. 23-CA-00504. (A copy of the

complaint is attached as Exhibit "A.")

9.      According to the complaint, Ricknata owns a Budget Inn East motel

that is located at 4011 East Columbus Drive in Tampa, Florida. (Compl., ¶¶3,4.)

10.     Trumell Norton was renting a room at the motel. (*Id.*, ¶5.)

11.     On September 24, 2021, Trumell Jones was "stabbed by another

patron" at the motel. (*Id.*, ¶6.)

12.     Ricknata knew this other patron was violent because Ricknata had

received multiple complaints about him. (¶¶7,8.)

13.     According to the complaint, Ricknata is responsible for the attack by

negligently failing to warn and protect Tremaine Jones from a dangerous

condition on the property. (*Id.*, ¶¶18-23.)

14.     Kinsale is fully defending Ricknata in the lawsuit under a complete reservation of rights.

## THE POLICY

15.     Kinsale is a surplus lines insurer.[1] Ricknata applied to Kinsale and purchased a new, surplus lines commercial general liability policy, bearing Policy No. 0100154125-0, and effective from 06/17/2021 TO 06/17/2022. (A complete copy of the policy is attached as Exhibit "B.")

16.     The policy that Ricknata purchased contains an Assault and Battery Exclusion, Form CAS3002-1016, which provides:

**EXCLUSION - ASSAULT AND BATTERY**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

---

[1] "Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured cannot obtain coverage from insurers authorized to do business in the state." *Klopman v. Zurich Am. Ins. Co. of Illinois*, 233 Fed. Appx. 256, 258 n.1 (4th Cir. 2007). In other words, surplus lines is insurance of last resort for distressed or particularly problematic risks. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 491 (4th Cir. 1998) ("Surplus lines are substandard risks that standard markets generally do not handle."). Ricknata could not obtain insurance through the admitted market so as a last resort it purchased an insurance policy from Kinsale in the surplus lines market, which generally has more restrictive terms than the admitted market. *See Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1376 (S.D. Fla. 2020) (noting a surplus lines insurer often has "more restrictive terms or exclusions on its policies.").

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;

2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

5. The reporting or failing to report to the proper authorities;

6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's

employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

17.     The policy that Ricknata purchased also contains an Exclusions –

Eviction and Failure to Maintain, Form CAS3103 0718, which provides in pertinent

part:

A. The following exclusions are added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving:

1. Violation of any law, local order or directive involving any duty to:

   a.     Maintain any room, dwelling or premises in a safe, sanitary, healthy, habitable or tenantable condition; or

b. Restore any room, dwelling or premises to a safe, sanitary, healthy, habitable or tenantable condition. …

B. The exclusions set forth in this endorsement shall apply:

a. Whether the insured may be liable as an owner, landlord, tenant, operator or property manager or in any other capacity; …

18. The policy also contains an Additional Policy Exclusions, Form CAS3043 0817, which provides in pertinent part:

**DUTY TO DEFEND EXCLUSION**

Where there is no coverage under this policy, there is no duty to defend. …

19. All of these provisions were in the Quote that Ricknata received before the policy was bound and issued. All of these provisions were also in the Binder that Ricknata received before the policy was bound and issued.

## COINT I - ASSAULT AND BATTERY EXCLUSION

20. Kinsale incorporates paragraphs 1 through 19.

21. According to the complaint, Trumell Norton was stabbed by another guest at Ricknata's motel.

22. There is no coverage under the policy that Ricknata purchased for an assault, battery, harmful or offensive contact, or threat.

23. Accordingly, Kinsale has no duty to defend or indemnify Ricknata against the lawsuit based on the Assault and Battery Exclusion.

## COUNT II - FAILURE TO MAINTAIN EXCLUSION

24.     Kinsale incorporates paragraphs 1 through 19.

25.     According to the complaint, Trumell Norton was stabbed by another guest at Ricknata's motel and Ricknata is responsible because it "[f]ail[ed] to adequately maintain the premises." (Ex. A, ⁋16.e.)

26.     There is no coverage under the policy Ricknata purchased for failing to maintain the premises in a safe condition.

27.     Accordingly, Kinsale has no duty to defend or indemnify Ricknata against the lawsuit based on the Failure to Maintain Exclusion.

## COUNT III – DUTY TO DEFEND EXCLUSION

28.     Kinsale incorporates Paragraphs 1 through 19.

29.     There is no coverage for Ricknata under the Kinsale policy.

30.     Accordingly, Kinsale is not required to defend Ricknata, under the policy's Duty to Defend Exclusion.

## REQUESTED RELIEF

Kinsale respectfully requests this Court:

a.      Take jurisdiction and adjudicate the rights of the parties under the policy;

b.      Declare the following:

      i.     There is no coverage for Ricknata based on the policy's Assault and Battery Exclusion;

     ii.     There is no coverage for Ricknata based on the policy's Failure to Maintain Exclusion;

    iii.     Kinsale is not required to defend Ricknata because there is no coverage for Ricknata under the policy;

    iv.     Because there is no coverage, Kinsale is entitled to reimbursement from Ricknata of all the attorney's fees and costs that Kinsale has incurred defending Ricknata under reservation of rights.

c.     Award Kinsale all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO A. BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646